86,514-02

CAUSE NO. CCC-16-21739A

| | | |
|---|---|---|
| TERRY PAUL DE LORD | § | IN THE 52ND JUDICIAL |
| TDCJ-ID # 769730 | § | DISTRICT COURT OF |
| RELATOR | § | CORYELL COUNTY, TEXAS |
| | § | RECEIVED IN |
| V. | § | COURT OF CRIMINAL APPEALS |
| TRENT FARRELL 52ND DISTRICT JUDGE | § | |
| IN HER/HIS OFFICIAL CAPACITY, | § | MAR 23 2017 |
| RESPONDENT | § | Abel Acosta, Clerk |

A. PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TERRY PAUL DE Lord. Relator, pro se in the above-styled and numbered cause of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3 (c) of the Texas Code of Criminal Procedure, and would show the Court the following:

## JURISDICTION

Relator invokes Jurisdiction on this Count pursuant to Article 5 Sec. 8, Tex. Const..

I

B. RELATOR

TERRY PAUL DE LORD, TDCJ # 769730 is on offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Wallace Pack I Unit, 2400 Wallace Pack Road, Navasota, Grimes County, Texas 77868.

The act sought to be compelled is ministerial, not discretionary in nature. T.C.C.P. Art. 11.07 Section 3 (c).

## RESPONDENT

C. RESPONDENT. TRENT FARRELL, in her/his capacity as 52ND District Judge of Coryell County, Texas. Ministerial duty pursuant T.C.C.P. 11.07, Sec. 3 (c). The attorney representing the State is allowed 15 days in which to respond. Art. 11.07, 3 (b). After the expiration of the time for the State to answer, the trial court is allowed 20 days in which to determine whether the application contains allegations of controverted, previously unresolved facts material to legality of the applicants confinement. Art. 11.07, 3 (c). If the trial court determines an application for Writ of Habeas Corpus does present such issues, it is the duty of the trial court to enter an order within the 20 day period after expiration of

the time allowed for the State to reply, designating the issues of facts to be resolved. Art. 11.07. 3 (d). The statute does not supply authority to the trial court to extend the time limitations imposed by the statute, other than by timely entry of an order designating issues to be resolved.

State Respose to Application for Writ of Habeas Corpus 1, 3, 2012

Judge's Respose was 3, 3, 2012, which over laped the 20 day period after expiration of the time allowed for the State to reply, which violated Art. 11.07, 3 (d).

## ISSUES PRESENTED:

(1) Guilty Plea was involutery and unintelligent due to ineffective assistance of counsel

(2) Violation of Fourth Amendment rights of the United States Constitution through a warrantless blood draw

(3) Actual Innocence underlying ineffective assistance of counsel and state statutory violations plus federal constitutional violations

Relator clearly state's in his argument's in his habeas corpus that his Constitutional rights where violated through statutes 724.013, 724.015, 724.031, 724.032 Transportation Code. And the state failed to address by proving, that these statutes were properly addressed in Relator's Habeas Corpus. Relator also presented a claim that his 4th Amendment was violated as well because there was _NO_ warrant issued; as instructed in the T.C.C.P. Art. 18 (c).

These facts presented also in Relator's Habeas Corpus, as well as his Discovery. The state has failed to properly adjudicate these claim's and failed to give Relator a copy of their Finding of Facts and Conclusions of Law.

## VIOLATION OF DUE PROCESS 11.07 TEXAS CRIMINAL CODE OF CRIMINAL PROCEDURE

The Respondent violated Art. 11.07 Sec. 3 (c) of the Texas Code of Criminal Procedure by failing to proved a copy of its Finding of Facts and Conclusions of Law.

Relator claims that Respondent violated his Due Process for not following statute 11.07 Sec. 3 (c). See; Dolenz v. Texas BD. of Medical Exam. 981 S.W. 2d 487, (Tex. App. - Austin 1998), also Texas Government Code 311.023. When cause of action derives from statute, statutory provisions are mandatory and exclusive remedy, and must be complied with.

Relator also requested a Discovery which will prove that there was no warrant. Art. 18.02 T.C.C.P. and Transportation Code 724.013, 724.015, 724.031, 724.032. Relator rights where violated creating a 4th Amend. violation Due Process.

Relator requested in his Evidentiary Hearing; generally, a habeas petitioner is entitled to an Evidentiary Hearing in court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the State Court did not hold a full and fair Evidentiary Hearing".

## ARGUMENT & AUTHORITY

Mandamus is an extraordinary remedy, that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. V.T.C.A. Government Code 22.221 (b)(1)

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy of law, Bates v. MTH HOMES - TEXAS, L.P. 177 S.W. 3d 419 (Tex. App. -Houston (1st Dist.) 2005)

Mandamus relief is available only when the record establishes; (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of adequate remedy by appeal. IN RE DAISY MFG. CO., INC. 17 S.W. 3d 654 (Tex. 2000).

Thus the Respondent has ministerial duty, as well as the statutory and Constitutional authority in a Habeas Corpus proceeding. The Relator request that this Court invoke's its jurisdiction V.T.C.A. Government Code 22.221 (b).

## PRAYER

Wherefore, Premises Considered Relator pray's this Court grant this petition in all parts, issueing Writ of Mandamus to remand back to the trial court for additional finding because the trial court did not properly aducate claim on the merits and failed to meet the burden of proof by presenting the warrant pursuant to T.C.C.P. Art. 18 (c) and failing to produce the results of the blood specimen pursuant to 724.018 Transportation Code to prove there was alcohol in blood stream, or if there was any result's at all.

## CERTIFICATE OF SERVICE

Terry Paul De Lord. Relator certify that on March 20, 2017, a true and correct copy of the above and foregoing Petition of Writ of Mandamus was mailed to Court of Criminal Appeal in Austin, Texas

HONORABLE:
TRENT FARRELL
52ND District Judge
of Coryell County
Gatesville, Texas 76528

Terry Paul De Lord
Terry Paul De Lord
TDCJ-ID #769730
Wallace Pack One Unit
1400 Wallace Pack Road
Navasota, Texas 77868

3